**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Randolph Arthur CISNEROS, aka Arthur Cisneros; Randolf Cisneros; Randolfph Arthur Cisneros, Randy Cisneros; and Santos. Defendant—Appellant.**

No. 04–50479.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 17, 2005.

Decided Nov. 15, 2005.

William C. Bottger, Jr., Esq., Ronald L. Cheng, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Carlton Frederick Gunn, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *United States v. Weber,* 923 F.2d 1338, 1342 (9th Cir.1990).

Before: KLEINFELD, TASHIMA, and FISHER Circuit Judges.

## MEMORANDUM *

The search warrant in this case was not overbroad or insufficiently particular. We need not decide whether there was good cause for conducting the search at night because the officers reasonably relied on a warrant issued by a detached and neutral magistrate. The district court erred in treating the federal Sentencing Guidelines as mandatory. Therefore, we affirm Cisneros's conviction and remand the sentence.

A warrant must name the places to be searched and items to be seized with "reasonable precision."[1] A warrant is overbroad if it fails to set out objective standards for the executing officers to identify items subject to seizure or if the government could describe items with more particularity based on available information.[2]

 Cisneros argues that the warrant executed at his home on May 8, 2003 was overbroad in its description of the items subject to seizure. This argument fails as to all three categories of items listed in the warrant: (i) "any .380 caliber semi-automatic handgun or firearm," (ii) any evidence of the identity of the persons having dominion and control over the premises searched and (iii) any evidence of gang membership. Any defect in the warrant's particularity was cured by the affidavit attached to the warrant, incorporated by reference,[3] and distributed to members of the Cisneros household at the outset of the

2. *United States v. Noushfar,* 78 F.3d 1442, 1447 (9th Cir.1996).

3. *United States v. Towne,* 997 F.2d 537, 544 (9th Cir.1993).

search along with the warrant.[4] Together these documents made it clear to the police officers executing the search that they were investigating an alleged murder attempt by Defendant–Appellant Randolph Cisneros's son, Rene. The warrant and affidavit sufficiently limited the scope of the search to the weapon used in the alleged crime, evidence of Rene Cisneros's dominion and control over the weapon, and of his alleged gang membership. The items seized and used against Randolph Cisneros were discovered by police officers in "plain view" during a lawful search investigating his son's alleged crime.[5] For all of these reasons, the warrant was not overbroad.

█ Cisneros also contends that the search violated the Fourth Amendment and Federal Rule of Criminal Procedure 41 by allowing nighttime execution. We need not decide whether there was "good cause" for a nighttime execution. Even if the nighttime search had not been sufficiently supported by the affidavit, suppression of the fruits of the search is not necessary under the *Leon* good faith exception.[6]

█ The district court treated the Guidelines as mandatory when imposing the sentence in this case. The court's statement that this sentence "would clearly be within the range of sentences that [the court] would impose" under the pre-Guidelines sentencing regime does not show that it would have issued "the *same* sentence even if [the court] had thought the guidelines were merely advisory."[7] Therefore, we grant a limited *Ameline* re-

mand to allow the district court to determine if it would have imposed a different sentence under advisory Guidelines.

AFFIRMED IN PART and REMANDED IN PART.

---

4. *See United States v. Gantt,* 194 F.3d 987, 990 (9th Cir.1999).

5. *See United States v. Holzman,* 871 F.2d 1496, 1512–13 (9th Cir.1989).

6. *See United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

7. *United States v. Ameline,* 409 F.3d 1073, 1081 (9th Cir.2005) (en banc) (emphasis added).

